# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRIAN SCOTT PATE, #229345,** | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 06-0075-KD-C |
| **TERRANCE McDONNELL,** | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

Petitioner, an inmate at Kilby Correctional Facility in the Middle District of Alabama, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1) with a motion to proceed without prepayment of fees (Doc. 2).[1] Petitioner is challenging the constitutionality of his multiple convictions for rape, second-degree, and sodomy, second-degree, rendered in the Circuit Court of Houston County, Alabama, in the Middle District of Alabama.

Due to petitioner being incarcerated at Kilby Correctional Facility in the Middle District and being convicted in Houston County, Alabama, in the Middle District of Alabama, this Court does not have jurisdiction over this habeas action. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-32, 35 L.Ed.2d

---

[1] Petitioner's motion to proceed without prepayment of fees has not been ruled upon by the Court.

443 (1973); 28 U.S.C. § 2241.  This Court, however, may transfer this action pursuant to 28 U.S.C. § 2241(d) "in the interest of justice."  *Dobard v. Johnson,* 749 F.2d 1503, 1508 (11th Cir. 1985); *see Naum v. Brown*, 604 F. Supp. 1186, 1188 (E.D.N.Y. 1985) (transferred petition pursuant to 28 U.S.C. § 1406 to a court where jurisdiction was proper because petitioner was a prisoner and a pauper).  Inasmuch as the Middle District of Alabama is where petitioner's convictions and sentences arose, and due to the one-year period of limitations within which § 2254 petitions must be filed after the State's review of a prisoner's conviction has concluded, 28 U.S.C. § 2244(d), it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Middle District of Alabama for further proceedings.  *Braden,* 410 U.S. at 497, 93 S.Ct. at 1131 ("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    **DONE** this 22nd day of February, 2006.

                                                    **s/WILLIAM E. CASSADY**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY  
UNITED STATES MAGISTRATE JUDGE